[ PHILADELPHIA, FEBRUARY 6TH, 1840. ]

## KNORR *against* THE GERMANTOWN, &c. RAIL ROAD COMPANY.

IN ERROR.

By the act to incorporate the Philadelphia, Germantown and Norristown Rail Road Co., it was made the duty of the Co. to construct a sufficient causeway, whenever it should be necessary to enable the owner of land through which the road might pass, to cross over or under the road; and it was declared that they should be liable in an action for damages to any person grieved. The Co. laid out their road over the land of the plaintiff, so as to prevent his passing from one part of his farm to another; but they did not complete the road. By a supplement to the act of incorporation, they were authorised to change the route of the road; and it was declared that any person injured by the change of route might apply to the Court of Common Pleas for the appointment of men to assess the damages, &c.: *Held*, that this supplement repealed the original act, so far as respected the remedy by action, and that the plaintiff could not maintain an action of trespass to recover damages as at common law, but was confined to the remedy given by the supplement.

ERROR to the District Court for the City and County of Philadelphia, to remove the record of an action on the case, brought by John Knorr against the Philadelphia, Germantown and Norristown Rail Road Company.

The action was brought to recover damages for refusing to make a road or causeway under or over an embankment placed by the defendants on the lands of the plaintiff.

By the 17th section of an act of assembly passed on the 17th of February, 1831, to incorporate the said company, it was provided; " That for the accommodation of all persons owning or possessing land through which the said rail-road may pass, and to prevent inconvenience to such persons in crossing or passing the same, it shall be the duty of said company, when required, to make or cause to be made a good causeway or causeways, whenever the same may be necessary to enable the occupant or occupants of such lands to cross or pass over or under the same with wagons, carts, and

implements of husbandry, as the occasion may require: Provided that the said company shall in no case be required to make or cause to be made more than one causeway through each plantation or lot of land for the accommodation of any one person owning or possessing land through which the said rail-road shall pass; and when any public road shall cross the said rail-road, the persons owning or possessing land through which the said road shall pass, shall not be entitled to make such requisition on said company; and the said causeway or causeways when so made shall be maintained and kept in repair by the said company; and if the said company shall refuse or neglect to make such causeway or causeways, or when made, to keep the same in good repair, when duly notified thereof, the said company shall be liable to pay to any person grieved thereby all damages sustained by such person in consequence of such refusal or neglect, to be sued for and recovered before any magistrate, or any court having any cognizance thereof; and the service of process on any officer or agent of said company shall be as good and available in law, as if served on the president thereof."

On the trial, before Pettit, (Pres't) on the 25th of January, 1838, it was proved or admitted, that the defendants had in the year 1833 laid out their rail-road upon and over the land of the plaintiff, in Germantown township, in the county of Philadelphia, west of the Germantown turnpike-road, and had erected and constructed an embankment thereon, by means whereof the plaintiff was prevented from passing from one part of his farm to another, as he otherwise would have done; but the defendants never completed their rail-road on the plaintiff's land.

It was also proved, that on the 2nd of June, 1834, the plaintiff required the defendants to make or cause to be made a good and sufficient causeway or road, to enable him, and persons in his employ, to pass over or under the same road, within thirty days from the date thereof; and that the defendants had omitted and refused to make such road.

By an act of assembly, passed the 8th day of February, 1834, sect. 1, the company was authorised to construct, continue or extend the line of their rail-road from a point on the main line of said road, at or near Robeson's Mill, on the Wissahickon creek, in the township of Roxborough, to intersect that part of the road made from Philadelphia to Germantown, and to make and lay a lateral rail-way to branch off between Schuylkill and Norristown: " Provided that the branch line to Germantown shall terminate at a point one hundred yards west of the main street of Germantown; and that the company shall be released from making and extending the said rail-road from the said termination to Robeson's Mill, aforesaid." And by the fourth section it was provided, that " it shall be

lawful within one year after the location and commencement of the work on the line from Robeson's Mill to the old line of the said rail-road, for any person or persons owning land west of the said termination of the said rail-road near the main street of German-town, which may have been ceded to the said rail-road company by amicable arrangement, either gratuitously, or for an amount of damages agreed on, or for damages assessed by a jury, to notify the president of the said rail-road company, that he, she or they are ready amicably to settle, or value the damages to them in conse-quence of the diversion of the main route of the said rail-road, by mutual agreement between the president and managers of said rail-road company, and said landholder or holders; and on refusal or neglect of said president and managers to unite with them in making such agreement, or in case of non-agreement between said parties, then the person or persons may apply to the judges of the Court of Common Pleas of the county wherein the said land lies, and the said judges shall forthwith appoint five judicious persons residing in the said county, to examine the premises, and award such additional damages as they may determine, after taking into consideration the amount of damages already paid, and the advantages to be derived by the landholders by the reversion in fee simple of the said lands to the said landholder or holders; and the said award shall be entered in the prothonotary's office in the said county, and have the immediate effect of a judgment against the said company; and the costs and expenses of the said jury shall be paid by the said com-pany, and the award of the said jury shall be final: Provided, that in all cases where the lands have been taken possession of by said company, between the said termination at Germantown and the point of junction with the main line, re-assessments shall be made in the manner prescribed for that part lying west of said termination near Germantown, and payment (if any should be awarded) shall be made in like manner; provided that there shall be no reversion of lands to the landholders; and the assessments shall be made on no other principle than the diversion of the main line of the said rail-road, and consideration of damages already paid: and provided further, that the award of the said juries shall be paid within ninety days after the confirmation aforesaid. And it shall be lawful for the said Court of Common Pleas, on application to them made by any person or persons having obtained re-assessments of damages under this act, and who are aggrieved in the premises by the non-pay-ment of the same, to issue an injunction on the further proceedings of the said company, between Robeson's mill, and the junction of the old line aforesaid; and any further proceedings on that part of the road shall be illegal; and any attempts of the agents of the said company to proceed with the further progress of that part of the road before the said judgment shall be satisfied, shall be deemed a

(Knorr v. Germantown Rail Road Co.)

misdemeanor, and punished by fine and imprisonment, at the discretion of the court aforesaid."

By the 5th section it was provided that " So much of any act heretofore passed, as is hereby altered or supplied, is hereby repealed."

The Court instructed the jury, that the plaintiff was not entitled to recover damages by reason of the omission and refusal of the defendant to make such road or causeway : that the plaintiff had mistaken his remedy : that by the provision of the act of the 8th of February, 1834, the defendants, on and after the second of June, 1834, were not bound to make a road or causeway, as required by the plaintiff, but were therefrom forever discharged.

The plaintiff excepted to this charge; and the jury having found for the defendants, the plaintiff removed the record to this Court, and assigned the following errors.

" 1. The Court charged the jury, that by the provisions of the act of assembly of 8th of February, 1834, the defendants on and after the 2d of June, 1834, were not bound to make a road or causeway to enable the plaintiff to pass over or under the embankment raised and constructed by the defendants on his land, but that the defendants were therefrom forever discharged.

2. The Court charged the jury that the plaintiff was not entitled to recover damages by reason of the omission and refusal of the defendants to make a road or causeway to enable him to pass from one part of his plantation to the other."

Mr. S. Chew and Mr. J. R. Ingersoll, for the plaintiff in error.

Mr. Miles, for the defendant in error.

The opinion of the Court was delivered by

Rogers, J.—This is a question of remedy, and not of right. The act incorporating the company makes it their duty, when required, to make, or cause to be made, a good causeway, whenever it may be necessary, to enable the occupant to cross over or under the embankment; and to keep the same in good repair. This is a burthen which is properly cast upon them, when the ground is in the actual occupation of the company; but the propriety of throwing these specific duties upon them is not so obvious, when, for good reasons, the legislature have thought it no longer desirable that the work should be prosecuted to completion, in a particular course or direction. The same authority which imposed the duty, have the undoubted right to release them from it, giving to the party injured by the change an adequate compensation for any

(Knorr *v.* Germantown Rail Road Co.)

injury which may be sustained. In a supplement to the original act, the legislature has relieved the company from making part of the road, altogether; the route having been changed. From this it will follow, that the intention is plain, to exempt them from a duty which is incidental only. It would be an unreasonable construction of the act, to compel the company not only to make the road, but to keep it forever in repair, which is the consequence of the doctrine for which the plaintiff contends. There cannot be a right of action, unless for the violation of a legal obligation, and when an attempt to perform that which is required, would render the person liable to an action of trespass. But it may be asked, are the owners to be without remedy? This, which might have otherwise been the consequence of the enactment in the supplement, has been effectually prevented. The act provides, in the first place, for an amicable settlement, and in case the parties cannot agree, it has empowered the Court to settle all differences between them, upon the most fair and equitable principles, by the appointment of men with authority to settle the controversy, and to give to the owners all the damages which may accrue to them in consequence of the diversion of the main route of the rail-road. It is by no means a strained construction of this clause to hold, that the omission or refusal to make a passage for the convenience of the owner, when required, is an injury or damage consequent to the change of route, and, as such, comes within the spirit of this enactment. We cannot intend that the legislature would do any thing so unjust, as to leave the injured party without remedy; and the redress which they afforded here is plainly pointed out in the act; and they certainly could not have intended that he should be compelled to seek redress at common law. In connection with the claim for compensation, the arbitrators are required to take into consideration the amount of damages already paid, and the advantages to be derived by the reversion of the fee simple of the land to the former owner. If this course had been pursued, equal and exact justice could have been done to both parties; and this action would seem like an attempt to elude those equitable provisions in favour of the company. If this suit can be supported, the company may be precluded from showing, as may be the case, that the benefit which the plaintiff has obtained by the change of route, is more than an equivalent for the damage sustained by the omission or refusal to make the road or causeway, as required by the original act.

Judgment affirmed.